## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KELLY TAYLOR**                                    **CIVIL ACTION NO.**

**VERSUS**                                          **JUDGE**

**OCHSNER CLINIC FOUNDATION d/b/a**     **MAGISTRATE JUDGE**
**OCHSNER MEDICAL CENTER and**
**DR. ANDREW MATTHEWS**

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446 and 1453, Defendant Ochsner Clinic

Foundation d/b/a Ochsner Medical Center ("Ochsner"), without waiving and specifically reserving

any and all rights, defenses, objections and exceptions, hereby gives notice of its removal of the

above-captioned matter from the 24th Judicial District Court for the Parish of Jefferson, State of

Louisiana, to the United States District Court for the Eastern District of Louisiana, and respectfully

represents as follows:

### BACKGROUND

1.

Plaintiff Kelly Taylor ("Plaintiff") filed the present suit entitled "Class Action Petition for

Damages" ("Petition") against Ochsner and Defendant Dr. Andrew Matthews ("Matthews")

(collectively "Defendants") on or about June 4, 2024 in the 24th Judicial District Court for the

Parish of Jefferson, State of Louisiana, Civil Action No. 854-966.  A copy of the Petition is

attached as Exhibit 1.[1]

---

[1] Ochsner denies any and all liability in this matter.  Ochsner did not do anything wrong, and the Petition does not contain a *single fact* to demonstrate that Ochsner did something wrong. The allegations in the Petition arise out of the alleged unauthorized actions of a rogue employee, and Ochsner immediately reported those alleged actions to the appropriate authorities upon discovery as the Petition itself agrees.

2.

Plaintiff is the only named plaintiff in the Petition, and Defendants are the only named defendants in the Petition.

3.

Plaintiff alleges that Ochsner operates a medical facility located at "1516 Jefferson Highway, Jefferson, Louisiana" (which Plaintiff refers to in the Petition as "main campus"). Petition, ¶ 6.  According to Plaintiff, Ochsner "employs roughly 38,000 persons and around 4,700 physicians [and] many of those employees and physicians work at the . . . main campus . . ." Petition, ¶ 8.

4.

Plaintiff also alleges that Ochsner "hired [Matthews] as an employee or contractor . . ." Petition, ¶ 9.

5.

They contend that "[o]n or about August 3, 2023, the Jefferson Parish Sheriff's Office received a call from OCHSNER reporting a suspicious device located in one of the private restrooms at the main campus . . ."  Petition, ¶ 12.  Plaintiff contends that the Jefferson Parish Sheriff's Office concluded that Matthews "did install hidden camera devices in multiple different or various restrooms throughout [the] main campus."  Petition, ¶ 13.

6.

Plaintiff brings claims against Matthews for the intentional torts he allegedly committed. Petition, ¶¶ 12-16.

7.

Plaintiff brings claims against Ochsner based on negligence, pursuant to La. Civ. C. arts. 2315, 2316 and 2317.  Petition, ¶¶ 17-18.  In particular, the Petition alleges that Ochsner was

2

negligent by, among other things: "[f]ailing to properly supervise, control their employees"; "[f]ailing to provide a safe working environment"; "[f]ailing to provide safety, security, and privacy"; "[f]ailing to properly maintain their own internal standards"; and "[f]ailure to properly screen employees." Petition, ¶ 18. Plaintiff does not provide facts for these allegations.

8.

Plaintiff seeks damages for: "[p]ast, present and future medical expenses"; "[p]ast, present and future mental anguish, grief and anxiety"; "[p]ast, present and future pain and suffering"; and [p]ast, present and future embarrassment, harassment and inconvenience." Petition, ¶ 20.

9.

In addition, Plaintiff seeks an award of attorney's fees. Petition, ¶ 19.

10.

Plaintiff brings the claims on behalf of herself and a putative class under La. C. Civ .P. art. 591, *et set.* Petition, ¶ 2. Plaintiff's proposed class includes "[a]ll persons unwittingly filmed and/or recorded in the bathrooms or restrooms, which were in the custody and control of Defendant, OCHSNER, on or before August 3, 2023 and thereafter, including but not limited to, employees and other invitees . . ." Petition, ¶ 3.

## **JURISDICTION**

11.

This Court has diversity subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA") in 28 U.S.C. § 1332(d).

12.

In contrast to other removal provisions, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014). A

CAFA defendant's notice of removal need only contain "plausible allegation[s]" to support removal. *Id*. at 88.

13.

Jurisdiction exists under CAFA for any proposed class action where: (1) there is "minimal diversity," meaning "any member of a class of plaintiffs is a citizen of a State different from any defendant"; and (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § § 1332(d)(2), (d)(6); *see also Frazier v. Pioneer Ams. LLC*, 455 F.3d 542, 544 (5th Cir. 2006). These CAFA elements exist here.

14.

**<u>Minimal Diversity</u>**. CAFA's "minimal diversity" requirement is satisfied here because "any member of [the] class of plaintiffs is a citizen of a State different from any defendant."

15.

Plaintiff alleges that she is "domiciled in the Parish of St. Tammany, State of Louisiana . . ." Petition, p. 1. Plaintiff was and is a citizen of the State of Louisiana both at the time suit was filed and at the time of removal.

16.

Plaintiff alleges that Ochsner is a "domestic corporation domiciled in the State of Louisiana." Petition, ¶ 1(A). Ochsner agrees that it was and is a Louisiana corporation with its principal place of business in the State of Louisiana, meaning that it was and is a citizen of the State of Louisiana both at the time suit was filed and at the time of removal.

17.

Plaintiff alleges that Matthews was "domiciled in the State of Louisiana." Petition, ¶ 1(B). However, Matthews left Louisiana many months ago and relocated to the State of Texas, meaning

4

that he was and is a citizen of the State of Texas both at the time suit was filed and at the time of

removal.  Indeed, Plaintiff's service instruction in the Petition for Matthews shows a Texas address

and Plaintiff is attempting to serve Matthews under the Louisiana Long Arm Statute (which is

intended for service on non-residents).  Petition, p. 9.

18.

Thus, minimal diversity is met here for either of two reasons.  First, Plaintiff is a citizen of

a state (Louisiana) different from Matthews (Texas).

19.

Second, even if Matthews were a Louisiana citizen, Plaintiff's class definition on its face

includes individuals without regard to their state of citizenship.  Petition, ¶ 3.  As noted, Ochsner's

main campus has thousands of patients, visitors, and employees every day, and many of those

individuals are citizens of states other than Louisiana.  Thus, it is more likely than not that at least

one putative class member is a non-Louisiana citizen.

20.

**Amount in Controversy**.  The amount placed in controversy by Plaintiff's Petition

exceeds $5 million, exclusive of interest and costs.[2]

21.

In the Petition, Plaintiff seeks wide-ranging damages for herself and a putative class for

the alleged acts of video voyeurism by Matthews — damages for past, present and future medical

expenses, mental anguish, grief, anxiety, pain and suffering, embarrassment, harassment and

inconvenience.  Petition, ¶ 20.

---

[2] To be clear, Ochsner does not believe that Plaintiff or any putative class member is entitled to any recovery from Ochsner.  However, the amount in controversy analysis herein is based on what Plaintiff has placed in controversy in the Petition.

5

22.

She seeks these damages for a class of "[a]ll persons unwittingly filmed and/or recorded in the bathrooms or restrooms, which were in the custody and control of Defendant, OCHSNER, on or before August 3, 2023 and thereafter, including but not limited to, employees and other invitees . . ." Petition, ¶ 3.

23.

At one point in the Petition, she indicates that the individuals seeking these damages "could consist" of as many as "one hundred (100) persons." Petition, ¶ 4(1). But later in the Petition she alleges that the number could be much greater than that. *See* Petition, ¶ 8 (Ochsner "employs roughly 38,000 persons and around 4,700 physicians [and] many of those employees and physicians work at the OCHSNER main campus"); Petition, ¶ 13 (Matthews "did install hidden camera devices in multiple different or various restrooms throughout OCHSNER's main campus"). In addition, the reality is that Ochsner's main campus is a very large institution with thousands of patients and visitors at that location on any given day.

24.

In addition, Plaintiff is also seeking attorney's fees in the Petition. *See* Petition, ¶ 19. Attorney's fees "must be included in the jurisdictional-amount calculus" in a CAFA case. *Shanley v. Chalmette Refinery LLC,* 2014 U.S. Dist. LEXIS 187218, *7 (E.D. La. Oct. 3, 2014). Courts have approved class attorney fee awards in the range of 35%. *E.g., Faircloth v. Certified Fin. Inc.,* 2001 U.S. Dist. LEXIS 6793, *36-37.

25.

Thus, approximately $1.75 million of the $5 million threshold is attributable to attorneys' fees.

26.

With regard to the remaining $3.25 million, and conservatively assuming only 100 class members, that means that the potential amount in controversy for damages for a class member would only need to be $32,500 to reach the $5 million threshold. Assuming 500 class members, the potential amount in controversy for damages for a class member would only need to be $6,500.[3]

27.

Courts have awarded damages to plaintiffs on similar type claims that exceed these levels.

28.

Thus, the requirements for CAFA are met.

29.

**CAFA exceptions**.  No CAFA exception would be relevant or applicable here.

30.

By way of example only, with regard to the exception relating to a class of less than 100 members (28 U.S.C. § 1332(d)(5)(B)), Plaintiff could not meet her burden on the exception given her express allegations in the Petition about the size of the potential class, the scope of Matthews' actions, and the number of individuals who frequent Ochsner's main campus.

**REMOVAL PROCEDURE**

31.

Plaintiff filed the Petition on June 4, 2024, but Ochsner was not served until June 27, 2024.

---

[3] As noted above, the number of putative class members is likely much more than 100 based on Plaintiff's own allegations.

7

*See* Exhibit 2.  Thus, this Notice of Removal is timely because it is being filed within thirty (30) days of service of the Petition on Ochsner.[4]

32.

Under CAFA, Ochsner does not need the consent of any other defendant to proceed with removal.  *See* 28 U.S.C. § 1453(b).

33.

Venue is proper in this Court, as the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, is located within the Eastern District of Louisiana.  28 U.S.C. § 98(a).

34.

Pursuant to 28 U.S.C. §§ 1446 and 1453, a copy of all process, pleadings and orders served on Defendants prior to removal are attached to this Notice of Removal as Exhibits 1-3.

35.

Undersigned counsel certifies that a notice of filing of this removal, along with a copy of this Notice of Removal, will be promptly filed with the Clerk of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.  Also, Ochsner will promptly provide notice of the filing of this Notice of Removal to Plaintiff and Matthews.

36.

Based on the foregoing, this Court has original jurisdiction of this case.  Removal of this action to this Court is proper pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446 and 1453.

WHEREFORE, Defendant Ochsner Clinic Foundation d/b/a Ochsner Medical Center respectfully pray this Notice of Removal be deemed good and sufficient.

---

[4] The state court record does not yet reflect any service on Matthews.  Plaintiff is attempting to serve Matthews under the Louisiana Long Arm Statute.

8

Respectfully submitted,

*/s/ Thomas A. Casey, Jr.*
MICHAEL C. DREW (#30884)
THOMAS A. CASEY, JR. (#01291)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, LA  70170
Telephone:  504-582-8000
mdrew@joneswalker.com
tcaseyjr@oneswalker.com

Attorneys for Defendant, Ochsner Clinic
Foundation d/b/a Ochsner Medical Center

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July, 2024, a copy of the foregoing pleading was filed electronically with the Clerk of Court of the United States District Court for the Eastern district of Louisiana by using the electronic filing system and that a copy of the foregoing pleading will be served expeditiously by email upon Plaintiff and by other means on the other Defendant.

*/s/ Thomas A. Casey, Jr.*

#102425298v1