UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KELLY TAYLOR | CIVIL ACTION |
| VERSUS | NO. 24-1872 |
| OCHSNER CLINIC FOUNDATION, ET AL. | SECTION A (2) |

**ORDER AND REASONS**

The following motion is before the Court: **Motion to Remand (Rec. Doc. 11)** filed by the plaintiff, Kelly Taylor. The defendant, Ochsner Clinic Foundation ("Ochsner"), opposes the motion. The motion, noticed for submission on October 16, 2024, is before the Court on the briefs without oral argument.[1]

**I.**

The plaintiff, Kelly Taylor, filed a class action petition for damages against Ochsner and Dr. Andrew Matthews in state court. Matthews was a physician employed by Ochsner at its Jefferson Highway location in Jefferson, Louisiana. On or about August 3, 2023, the Jefferson Parish Sheriff's Office received a call from Ochsner reporting a suspicious device located in one of the private restrooms at the main campus on Jefferson Highway. (Rec. Doc. 1-1, Petition ¶ 12). The Sheriff's Office conducted an investigation and concluded that Matthews had installed hidden camera devices in multiple different or various restrooms throughout Ochsner's main campus. (*Id.* ¶ 13). Matthews was arrested based on roughly fifty (50) counts of video voyeurism in violation of Louisiana law. (*Id.* ¶ 15). The legal basis underlying the claim against Matthews presumably lies in an intentional tort that the plaintiff has thus far declined to expound upon. The

---

[1] Taylor has requested oral argument but the Court is not persuaded that oral argument would be helpful in light of the issues presented.

plaintiff's greater focus is on the claim against Ochsner, which is grounded on principles of vicarious liability and direct negligence.[2]

Ochsner removed the case to federal court. Matthews has left Louisiana for Texas which had led Ochsner to conclude that Matthews is now a citizen of Texas. (Rec. Doc. 1, Notice of Removal ¶ 17). Taylor and Ochsner are Louisiana citizens so complete diversity lacking, which means that original subject matter based on diversity jurisdiction is not available.[3] But given that Taylor filed her lawsuit as a class action petition, Ochsner removed the case based on the Class Action Fairness Act ("CAFA"), which vests the district courts of the United States with original jurisdiction over certain class action lawsuits. *See* 28 U.S.C. § 1332(d)(2). The petition defines the putative class as follows:

---

[2] Ochsner has filed a motion to dismiss the claims against it under Rule 12(b)(6) (Rec. Doc. 14), which has been met with a motion by the plaintiff to amend the pleadings (Rec. Doc. 17). Those motions are noticed for submission on November 27, 2024, and November 13, 2024, respectively.

Having glanced at the motion to dismiss, it would seem that Ochsner was not troubled by the fact that the petition alleges no facts whatsoever—none—regarding Kelly Taylor's claim. Taylor individually—whoever she may be—has not alleged facts sufficient to state a claim for relief against anyone including Matthews. And of course the issue of class relief is a non-starter when the only named plaintiff in the lawsuit fails to allege facts sufficient to state a claim for relief (or under state law, fails to allege facts sufficient to state a cause of action).

[3] Besides the fact that complete diversity is not satisfied, neither the allegations in the petition nor anything found in the notice of removal indicates that the amount in controversy for Taylor's individual claim exceeds $75,000.00. As noted above, other than being a name in the petition, we know nothing regarding who Taylor was vis à vis Ochsner (employee, patient, caregiver, drifter, etc.) and how exactly she was damaged by the defendants' conduct.

> All persons unwittingly filmed and/or recorded in the bathrooms or restrooms, which were in the custody and control of Defendant, OCHSNER, on or before August 3, 2023 and thereafter, including but not limited to employees and other invitees, who sustained legally cognizable damages in the form of embarrassment, harassment, mental anguish, interference with the enjoyment of life, and/or any other special damages, general damages, or other legally cognizable claims resulting from Defendants' acts that caused or allowed Defendant, MATTHEWS, to place cameras and/or other video recording devices throughout OCHSNER'S bathrooms and restrooms at its Jefferson Highway main campus location in the Parish of Jefferson, State of Louisiana.

(Rec. Doc. 1-1, Petition ¶ 3).

Taylor now moves to remand the case back to state court contending first that the Court lacks subject matter jurisdiction under CAFA, and second, if CAFA does apply to confer original jurisdiction, that certain statutory exceptions to CAFA jurisdiction are met such that the Court should decline to exercise jurisdiction over this action. And if the Court were to determine that Taylor has not established the applicability of the CAFA exceptions based on the pleadings alone—because as will be explained below—establishing the applicability of an exception to CAFA jurisdiction is Taylor's burden—then Taylor asks the Court to allow limited discovery before acting on her motion to remand.

The parties' competing contentions are addressed below.

## II.

CAFA provides district courts with jurisdiction over "class action[s]" in which the matter in controversy exceeds $5,000,000.00 and at least one class member is a citizen of a State different from the defendant. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019) (citing 28 U.S.C. § 1332(d)(2)(A)). A "class action" is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." *Id.* (quoting 28 U.S.C. § 1332(d)(1)(B)). Moreover, CAFA includes its own removal provision in § 1453(b) that relaxes certain removal prohibitions that apply when the basis for original jurisdiction is diversity

jurisdiction. *Home Depot*, 587 U.S. at 444-45. Regarding the jurisdictional amount in controversy, the defendant's notice of removal need not provide supporting evidence but rather a plausible allegation that the aggregated class claims exceed $5,000,000.00. *See Dart Cherokee Basin Oper. Co. v. Owens*, 574 U.S. 81, 88 (2014); 28 U.S.C. § 1332(d)(6) (requiring aggregation of the claims of the individual class members when determining whether the matter in controversy exceeds $5,000,000.00). When a defendant seeks adjudication in federal court, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Id.* Importantly, no antiremoval presumption attends cases invoking CAFA, whose purpose is to facilitate adjudication of certain class actions in federal court. *Dart Cherokee Basin Oper. Co.*, 574 U.S. at 89 (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013)).

Courts generally agree that CAFA did not alter the established legal rule that the proponent of federal jurisdiction, *i.e.*, the removing defendant, bears the burden of establishing the necessary elements for original jurisdiction. *Safranek v. USAA Cas. Ins. Co.*, 525 F. Supp. 3d 707, 714 (M.D. La. 2021) (citing *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). Once that burden is satisfied and subject matter jurisdiction under CAFA attaches, CAFA includes statutory exceptions, some of which allow the district court discretion to decline jurisdiction, 28 U.S.C. § 1332(d)(3), and some of which mandate that the district court decline jurisdiction, 28 U.S.C. §§ 1332(d)(4)(A) (local controversy exception) & (B) (home state exception). Courts generally agree that the party seeking to avoid a federal forum, *e.g.*, the plaintiff who seeks remand to state court, bears the burden of proof as to CAFA's exceptions, *Frazier v. Pioneer Amer., LLC*, 455 F.3d 542, 546 & n.11 (5th Cir. 2006).

**III.**

Although the question whether Taylor has met her burden with respect to any of CAFA's exceptions only becomes relevant if Ochsner has met its burden with respect to original jurisdiction under CAFA, the Court chooses to work backwards in this case.

Taylor argues that several statutory exceptions to jurisdiction apply to either allow for or mandate remand to state court. The burden of establishing the applicability of any of CAFA's statutory exceptions falls squarely on Taylor, who must satisfy the preponderance of the evidence standard. *Stewart v. Entergy Corp.*, 35 F.4th 930, 932 (5th Cir. 2022) (citing *Preston*, 485 F.3d at 814).

The two statutory exceptions to CAFA jurisdiction that mandate remand are the **local controversy exception** and the **home state exception**.

The **local controversy** and **home state** statutory exceptions to jurisdiction under CAFA state as follows:

(4) A district court *shall* decline to exercise jurisdiction under [CAFA]—

**[Local Controversy Exception:]**

(A)(i) over a class action in which--

(I) *greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed*;

(II) at least 1 defendant is a defendant--

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; <u>or</u>

**[Home State Exception:]**

(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4)(A) & (B) (emphasis added).

CAFA also includes a **discretionary** remand provision. The discretionary remand provision under CAFA states as follows:

> (3) A district court **_may_**, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action **_in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed_** based on consideration of--
>
> **(A)** whether the claims asserted involve matters of national or interstate interest;
>
> **(B)** whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
>
> **(C)** whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
>
> **(D)** whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
>
> **(E)** whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
>
> **(F)** whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3) (emphasis added).

Some elements of the local controversy exception are satisfied, *e.g.*, § 1332(4)(A)(i)(II)-(III) & (ii), but the failure point for both the local controversy exception and the home state exception lies in the citizenship of the putative plaintiff class. The local controversy exception requires proof that greater than two-thirds of the members of the proposed plaintiff class are citizens of Louisiana, the home state exception requires proof that two-thirds or more of the members of the plaintiff class are citizens of Louisiana, and the threshold requirement for discretionary remand is proof that the class action at issue be one in which greater than one-third but less than two-thirds of the members of the proposed plaintiff class are citizens of Louisiana.[4]

---

[4] Additionally, both the home state exception and the discretionary remand provision require proof that the primary defendant**s** are citizens of Louisiana. While Ochsner is a primary defendant and a citizen of Louisiana, Matthews is the alleged tortfeasor in this case and therefore he is also a primary defendant. As explained below, the status of Matthews's citizenship is unclear.

Taylor certainly makes some plausible arguments regarding the putative class members. She postulates that most people using the restroom at Ochsner's Jefferson Highway main campus were most likely Louisiana residents because those persons are generally going to be employees, contractors, patients, and other invitees and visitors to the facility, and the class is a subset of people using the restroom in the pertinent timeframe. Although Taylor recognizes that it is certainly possible that some of the patients and guests at the hospital were not residents of Louisiana, and some putative class members who were Louisiana residents and citizens might have moved and changed citizenship between the time they were filmed and the time of removal, Taylor posits that this number surely is not going to be significant.

Ochsner points out that Taylor offers no proof for her unsupported contentions as to the class members' citizenship, and therefore she cannot carry her burden as to any of the CAFA exceptions. Ochsner stresses that the class definition does not lend itself to objective proof on the local controversy issue because there is no objective means of identifying the class members in this case, nor is there any geographic limitation on the class members' citizenship. Ochsner points out that Taylor is focusing on the entire population of persons who might have used a restroom at Ochsner's main campus rather than specific class members. Ochsner describes the class as an "unknowable" population of individuals because the class definition covers every type of person (employee, contractor, patient, visitor) who used a restroom at the main campus before August 3, 2023, which Ochsner describes at the most sprawling and multi-faceted complex in the entire Gulf South region. (Rec. Doc. 16, Opposition at 13). According to Ochsner, the class definition is not discrete and it is not restricted in time (on or before August 3, 2023 and thereafter).

Further, Ochsner points out that discovery will not resolve the problems with the "unknowable" and "amorphous" class composition because Ochsner has no information on the multitude of persons who might have used its restrooms on its sprawling main campus "on or before August 3, 2023 and thereafter." And clearly if Ochsner does not have this information then no one else does either. Taylor makes no attempt to explain how law enforcement will be better positioned than Ochsner to identify the victims—which Ochsner has no means to do—and as Ochsner points out the authorities are not going to share information about an ongoing criminal proceeding solely to assist Taylor in her efforts to pursue a class action lawsuit.[5]

The Court is persuaded that Ochsner has the better argument because while Taylor's arguments are certainly plausible, they amount to nothing more than "argument" and certainly do not rise to the level of "proof" by a preponderance of the evidence. Taylor has not put forth "specific evidence regarding the citizenship of the class." *Preston*, 485 F.3d at 803. The fact that "marshaling evidence of citizenship for the unnamed class members may be a formidable task," *Preston*, 485 F.3d at 801, does not lighten the plaintiff's burden. Moreover, the requirement is proof of citizenship which is far more difficult to establish than residency. Domicile for purposes of citizenship requires residence in the state *and an intent to remain in the state*. *See Preston*, 485 F.3d at 798 (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

In sum, Taylor has not proved by a preponderance of the evidence the elements necessary to obtain remand based on either the local controversy exception, the home state exception, or the Court's discretionary authority. So if Ochsner were able to establish original

---

[5] Assuming that there was a way to identify the universe of persons who used the affected restrooms at Ochsner's main campus during the pertinent timeframe, the problem remains that the class would be those persons in that universe who were *actually* filmed and/or recorded by Matthews. But no one person will know whether or not he or she falls into that category without having the opportunity to view the video evidence seized by law enforcement, which is not likely to occur given the nature of the videos.

jurisdiction under CAFA, then remand to state court would not be an option. But as the Court explains below, the same problems that attend Taylor's inability to establish any of the CAFA exceptions also plague Ochsner's ability to establish original jurisdiction under CAFA.

### IV.

In light of the "unknowable" class composition, two things are clear—neither Taylor nor Ochsner knows the size of the potential class, and the party cast with the burden of proving class size at this juncture cannot meet that burden and therefore looses on that point. In Paragraph 4.1 of the petition Taylor alleged that "the class could consist of Plaintiffs in the amount of fifty (50) to one hundred (100) persons" but this allegation is sheer guesswork bereft of any factual allegations to support it. The class size could be 100 persons, or it could be far less than 100 persons, or far more, and one of the possibilities is just as probable as any of the others.

CAFA expressly excludes from its jurisdictional grant "any class action in which . . . the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). The lead-in language of § 1332(d)(5) states that "[p]aragraphs (2) through (4)" do not apply to class actions with less than 100 class members, which has led the Ninth Circuit to conclude that the 100 member requirement is a prerequisite to jurisdiction, for which the removing defendant bears the burden of proof. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 n.3 (9th Cir. 2007). In reaching this conclusion, the Ninth Circuit expressly disagreed with the approach followed by the Fifth Circuit in *Frazier v. Pioneer Americas*, wherein the appellate panel grouped § 1332(d)(5) in with the CAFA exceptions found in § 1332(d)(3)-(4), and placed the burden of proof on the plaintiffs. 455 F.3d at 546. Of course, the issue in *Frazier* was not whether the class had at least 100 members, as required by § 1332(d)(5)(B) but rather whether the primary defendants were States, as foreclosed by § 1332(d)(5)(A). But the

reasoning employed in *Frazier* was not narrow so as to imply that § 1332(d)(5)(B) should be treated any differently than § 1332(d)(5)(A).

In light of *Frazier*, Ochsner takes the position that it need not prove that the class has at least 100 members. Rather, Taylor has the burden of establishing that the class definition includes less than 100 members if she hopes to escape adjudication of her case in federal court. Without addressing or even citing the *Frazier* decision in her memorandum in support, Taylor suggests that Ochsner bears the burden of proof as to the 100 member requirement as a component of jurisdiction.[6]

*Frazier* was decided in 2006. The next year in *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 804, 810 (5th Cir. 2007), the Fifth Circuit described CAFA's basic jurisdictional test for removal as requiring the removing defendant to prove minimal diversity and an aggregated amount in controversy of $5,000,000.00 or more, thus reenforcing *Frazier*'s suggestion that proof of the class size is not a component of jurisdiction that the removing defendant must satisfy. Yet in that same case the Fifth Circuit stated the three grounds under which jurisdiction can be declined but did not mention the 100 member requirement/exception. *Preston*, 485 F. 3d at 797.

Interestingly, in 2013 in *Standard Fire Insurance Co. v. Knowles*, the Supreme Court included the 100 member requirement of § 1332(d)(5)(B) as a component of original jurisdiction along with the amount in controversy requirement and the requirement for minimal diversity. 568 U.S. at 592. Fairly recently the Fifth Circuit did the same. *Stewart v. Entergy Corp.*, 35 F.4th 930,

---

[6] *Frazier* notwithstanding, in practice district courts often treat the 100 member requirement as a prerequisite to jurisdiction along with the amount in controversy requirement and minimal diversity. *See, e.g., Slocum v. Int'l Paper Co.*, No. 16-12563, 2016 WL 6543301 (E.D. La. Nov. 4, 2016); *Rowell v. Shell Chem. LP*, No. 14-2392, 2015 WL 3505118 (E.D. La. 2015); *Nolan v. Exxon Mobil Corp.*, No. 13-439, 2013 WL 6194621 (M.D. La. Nov. 26, 2013); *Rasberry v. Capitol Cty. Mut. Fire Ins. Co.*, 609 F. Supp. 2d 594 (E.D. Tex. 2009).

932 (5th Cir. 2022). Given that *Frazier* dealt specifically with § 1332(d)(5)(A) and not the 100 member requirement found in § 1332(d)(5)(B), in light of *Knowles* and *Stewart* an argument could be made that § 1332(d)(5)(B) should be treated differently than § 1332(d)(5)(A), with the former being a component of jurisdiction that the removing defendant must establish, and the latter being an exception to jurisdiction that the plaintiff must establish. And if this were the case, then to remain in federal court Ochsner would have to prove that the class size is at least one hundred. And this we know Ochsner cannot do for the same reasons that Ochsner provided when explaining why Taylor could not meet that burden.

Regardless of whether *Frazier* requires by implication that the plaintiff seeking remand must prove that the class has less than 100 members or whether the removing defendant must prove that the putative class has at least 100 members—and to be sure, Ochsner is correct insofar as there is simply no way to know the class size—the Court will table discussion of that point as moot because the Court is persuaded that Ochsner has not met its burden as to minimal diversity and the amount in controversy.

**V.**

The minimal diversity required by CAFA is proof that at least one class member is a citizen of a State different from the defendant. At this juncture Taylor is the only class member whose citizenship is known and she is a citizen of Louisiana. Ochsner is also a citizen of Louisiana. Thus, Ochsner grounds CAFA's minimal diversity requirement on Matthews, who has left Louisiana for Texas.

The record reveals nothing regarding Matthews—where he is from, how long he worked at Ochsner, how long he lived in Louisiana, whether he was ever a citizen of Louisiana (presumably he resided in Louisiana since he worked at the main campus but this would not

necessarily establish citizenship), whether he resided in Texas before coming to Louisiana and perhaps had Texas citizenship at one time, which he may or may not have abandoned based on his intent when he came to Louisiana to work at Ochsner. But most importantly, we know nothing of Matthews's intent when he left Louisiana to reside in Texas following the criminal investigation into his activities at Ochsner. Thus, while Matthews may very well be residing in Texas at this time while the criminal investigation is proceeding, it does not necessarily follow that Matthews is a citizen of Texas. And while Ochsner posits that even if Mathews were a Louisiana citizen, it is more likely than not that at least one putative class member is a non-Louisiana citizen, (Notice of Removal ¶ 19), this unsupported contention will not suffice where subject matter jurisdiction is concerned. The law in this circuit rejects the notion that diversity of citizenship can be established by negative inference and instead requires *affirmative* identification of each party's state of citizenship. *See Getty Oil Corp., a Div. of Texaco v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("We have stated repeatedly that when jurisdiction depends on citizenship, citizenship must be '*distinctly* and *affirmatively* alleged.'") (emphasis in original); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). The Court is not aware of an exception to this basic tenet when determining citizenship for CAFA's minimal diversity requirement.

Furthermore, the Court appreciates that Taylor's class action attorneys declined to argue against the worth of their case by contesting the creative calculations that Ochsner included in its notice of removal, but the amount in controversy requirement is jurisdictional so even though the plaintiff has acquiesced in it the Court questions it. *See Dart Cherokee Basin*, 574 U.S. at 87. Ochsner's calculations arrive at a jurisdictional amount based on a class size that Ochsner correctly characterizes as "unknowable" and "amorphous. Ochsner's allegation as to the jurisdictional amount is not plausible.

**VI.**

In sum, Ochsner has not met its burden of establishing the elements of original jurisdiction under CAFA. Remand to state court is appropriate.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 11)** filed by the plaintiff, Kelly Taylor, is **GRANTED**. This matter is remanded to the court from which it was removed for lack of subject matter jurisdiction.

November 4, 2024

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE