UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KELLY TAYLOR | * | CIVIL ACTION |
| VERSUS | * | NO. 24-1872 |
| OCHSNER CLINIC FOUNDATION, ET AL. * | | SECTION "N" (2) |

### ORDER AND REASONS

Pending before me is Plaintiff Kelly Taylor's Motion for Leave to File Third Amended Complaint. ECF No. 58. Defendant Ochsner Clinic Foundation timely filed an Opposition Memorandum. ECF No. 71. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion for Leave to File Third Amended Complaint is GRANTED for the reasons stated herein.

## I.    BACKGROUND

Plaintiff Kelly Taylor filed this putative class action against Defendants Ochsner Clinic Foundation and Dr. Andrew Matthews arising out of Dr. Matthews' alleged placement of hidden camera devices in restrooms throughout Ochsner's main campus on Jefferson Highway. ECF No. 1-1. Ochsner timely filed a Notice of Removal. ECF No. 1. On May 29, 2026, the Court issued a Schedule governing class certification, and on June 1, 2026, issued a Scheduling Order setting the case for trial on December 6, 2027, with a deadline of June 26, 2026, for amending pleadings. ECF Nos. 69, 70.

The Court previously granted Plaintiff's requests for leave to file a First Amended Complaint, docketed on March 25, 2026, and a Second Amended Complaint, docketed on May 6, 2026, with no opposition from Defendants. ECF Nos. 17, 39, 44, 51, 53, 54. Two days after

1

Plaintiff's Second Amended Complaint, Ochsner filed a Motion to Dismiss, and ten days later, Plaintiff filed this Motion for Leave to File Third Amended Complaint in response to that motion. ECF Nos. 57, 58.

Plaintiff asserts that Ochsner's current Motion to Dismiss is premised on her failure to allege sufficient facts to establish Ochsner's vicarious liability for its employee's intentional tort and that Plaintiff failed to allege that she was working or recorded on his cameras throughout Ochsner. ECF No. 58-1 at 2. Invoking Rule 15(a)(2) and asserting that Ochsner's own facial recognition technology identified Plaintiff as a subject of the secret recordings and the complaint provides sufficient facts to give Ochsner "fair notice" of the claims, she seeks leave to provide additional facts to address the alleged deficiencies. *Id.* at 2-3.[1] Plaintiff argues that she is entitled to amend as of right because the prior two amendments were done with consent and leave of court, but she nonetheless seeks leave and argues no substantial reason to deny amendment. *Id.* at 3-6.

In Opposition, Ochsner argues that this matter has been pending for two years, Plaintiff has failed to correct the deficiencies previously identified in Ochsner's earlier motions to dismiss, and her current effort to do so is futile. ECF No. 71 at 1. Ochsner asserts that Plaintiff seeks to recover against it based on negligence and vicarious liability. *Id.* at 2. It argues that amendment of Plaintiff's vicarious liability claim is futile because intentionally, secretly recording people in public restrooms cannot conceivably be within a doctor's assigned duties or in furtherance of an Ochsner objective, and boilerplate allegations of negligence are insufficient to withstand a motion to dismiss. *Id.* at 2-3. Ochsner asserts it raised these issues in its first and second motion to dismiss

---

[1] A comparison of the Second and Third Amended Complaints reflect, in material respects, the additional allegation as to Taylor's employment status at the time of the events and that Ochsner's internal investigation identified her as a victim and that Dr. Matthews' movement throughout the facility and within the bathrooms was rooted in his employment, as he was required to be in these spaces during his employment. *Compare* ECF No. 54, *with* ECF No. 58-4 ¶¶ 11, 13, 17.

and that Plaintiff's amended allegations were materially the same as the prior, allegedly insufficient, allegations. *Id.* at 4. Ochsner argues that, contrary to Plaintiff's Opposition to its Motion to Dismiss, the Third Amended Complaint does not moot the motion or cure the deficiencies. *Id.* at 4-5. Ochsner asserts that Plaintiff relies on an outdated version of Rule 15 to argue leave is not required, and substantial reasons to deny amendment exists because of undue delay, repeated failures to cure, undue prejudice and futility. *Id.* at 5-10.

II.    **APPLICABLE LAW AND ANALYSIS**

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course" within 21 days of service or 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). FED. R. CIV. P. 15(a)(1)(A), (B). In all other cases, a party may amend its pleading with the opposing party's written consent or leave of court, which leave should be freely granted when justice so requires. *Id.* at 15(a)(2). Although the parties dispute whether Plaintiff is entitled to amend "as a matter of course" after having amended twice with consent and the Fifth Circuit has not addressed the issue,[2] this Court need not resolve that issue because Plaintiff has indeed requested leave of court.

Leave to amend under Rule 15(a)(2) is freely granted when justice so requires.[3] The inquiry requires the court to balance the difficult task of assuring a party a fair opportunity to

---

[2] Courts in other jurisdictions are divided. See *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015) (allowing the filing of a Second Amended Complaint "as a matter of course" because Rule 15(a)(1) does not mandate that the matter of course amendment be exhausted before an amendment made under 15(a)(2), nor does it state that the ability to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made); *Savignac v. Jones Day*, 341 F.R.D. 120, 126 (D.D.C. 2022) (collecting cases).

[3] FED. R. CIV. P. 15(a)(2). Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173-74 (5th Cir. 2006) (citation omitted). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A "district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility." *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).

present its claims and defenses while at the same time protecting the district court from being imposed upon by the presentation of theories seriatim.[4]  Although leave to amend is not automatic,[5] given Rule 15(a)(2)'s bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[6]

The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[7]  Denial of leave to amend is reviewed for abuse of discretion,[8] but absent a "substantial reason," the court's discretion "is not broad enough to permit denial" of a request for leave to amend.[9]

### A.    Undue Delay

Rule 15(a)(2) does not itself impose a time limit on seeking leave to amend.[10]  A litigant's failure to assert a claim as soon as he could have done so is properly a factor to be considered in deciding whether to grant leave to amend.[11]  "Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the

---

[4] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. Jan. 1981) (citation omitted).

[5] *Avatar Expl., Inc. v. Chevron U.S.A., Inc.,* 933 F.2d 314, 320 (5th Cir. 1991) (citation omitted).

[6] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *accord. Mayeaux*, 376 F.3d at 425 (quoting *Stripling* 234 F.3d at 872; and citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[7] *Gregory*, 634 F.2d at 203 (citing *Foman*, 371 U.S. at 182); *see also Spicer* 751 F.3d at 367 (citation omitted); *see also Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.") (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

[8] *Carroll*, 470 F.3d at 1173-74.

[9] *Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).

[10] *See Smith*, 393 F.3d at 595 (citation omitted) (stating that Rule 15(a) does not impose a time limit "'for permissive amendment'"); *see also Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citation omitted) ("Lacking a time limit or an outer bound on when amendment is permissible, [Rule 15(a)(2)] instructs courts to freely give leave to amend when justice so requires.").

[11] *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982) (finding late assertion of claim acceptable when all other factors pointed in favor of movant, no pretrial order or pretrial conference had been held, and no evidence of bad faith).

litigant."[12] But at some point, plaintiff's delay can be procedurally fatal.[13] In that situation plaintiff must meet the burden of showing that the delay "was due to oversight, inadvertence, or excusable neglect."[14] Courts have found "undue delay" when a plaintiff knew the facts "all along" but waited over a year after a first amended complaint to seek leave to raise those facts.[15] But "delay alone is an insufficient basis for denial of leave to amend: The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court."[16]

Unlike the *Markham* case relied upon by Defendant, Plaintiff's amendment does not seek to add any new claims and contains more than vague, general allegations. Specifically, Plaintiff seeks to elaborate on the factual basis for her asserted claims of negligence and vicarious liability, particularly regarding the status of her own employment at Ochsner and information provided by Ochsner to police after its internal investigation. Although this matter has been pending for nearly two years, one year of that period is attributable to Plaintiff's successful appeal of the remand decision, during which appeal this action was stayed. ECF No. 22 (November 5, 2024, remand); No. 28 (Fifth Circuit decision reversing remand). And the proposed amendment raises facts within Ochsner's control (i.e., Plaintiff's employment status and its investigation). Further, a Scheduling Order was entered just last week, which authorizes amendments until June 26, 2026, and discovery is in its infancy. ECF No. 70.

---

[12] *Id.*

[13] *Smith*, 393 F.3d at 595 (citing *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992)); *see also D.L. Markham DDS, MSD, Inc. 401(K) Plan v. Variable Annuity Life Ins. Co.*, 88 F.4th 602, 613 (5th Cir. 2023) (affirming denial of leave to amend seeking to raise new allegations and new claims based on undue delay where plaintiff was aware of potential deficiencies for over a year before seeking leave to amend).

[14] *Smith*, 393 F.3d at 595 (citation omitted); *see also Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (citations omitted).

[15] *See, e.g., C3PO Int'l, Ltd. v. DynCorp Int'l, L.L.C.*, 663 F. App'x 311, 314-15 (5th Cir. 2016) (affirming district court's decision).

[16] *Mayeaux,* 376 F.3d at 427 (citations omitted).

Allowing amendment gives Plaintiff the opportunity to state her best case before resolution of the motion to dismiss, does not cause prejudice to Ochsner, and does not impose unwarranted burdens on the Court. In this context, the Court cannot find "undue delay" sufficient to justify denial of the requested leave to amend.

### B. Bad Faith

The Fifth Circuit has defined bad faith generally as

implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive. The term bad faith means more than mere bad judgment or negligence, it implies the conscious doing of a wrong for dishonest or morally questionable motives.[17]

Although Defendant argues that Plaintiff's negligence and vicarious liability claims are unsupportable, it does not argue bad faith.[18]  Further, the Court has no evidence to suggest that the request for leave to amend is made in bad faith, involves fraud, or is designed to mislead or deceive.

### C. Repeated Failures to Cure

The Fifth Circuit has affirmed denial of leave to amend where a party has been given multiple opportunities to cure a defect.[19]  Although Plaintiff has filed two amended complaints,

---

[17] *Industrias Magromer Cueros y Pieles S.A. v. La. Bayou Furs Inc.*, 293 F.3d 912, 922 (5th Cir. 2002) (citation omitted) (interpreting Louisiana law).

[18] ECF No. 71 at 7 n.7.

[19] *See, e.g.*, *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607-08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint); *see also Neutron Depot, L.L.C. v. Bankrate, Inc.*, 798 F. App'x 803, 808 (5th Cir. 2020) (finding district court's denial of leave to amend proper where litigation was pending for five years, plaintiff's deficiency was first identified over three years ago, and the court allowed three prior amended complaints); *St. Germain v. Howard*, 556 F.3d 261, 264 (5th Cir. 2009) (affirming denial of a motion for leave to amend where "[a]ppellants had several opportunities to state their best case"); *Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) (concluding that justice did not require allowing plaintiff an additional opportunity to amend); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566–67 (5th Cir. 2002) (affirming refusal to permit further amendment after plaintiff had amended twice).

the Court has not previously directed Plaintiff to file any amendment. Further, the proposed amendment does not assert any new claim or add any new parties. And while Defendant asserts that the amendment fails to overcome the deficiencies outlined in their Motion to Dismiss, Defendant asserts that Plaintiff cannot amend to cure the alleged deficiencies. ECF No. 71 at 8.

### D. Undue Prejudice

The Fifth Circuit and other courts have found prejudice when the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial.[20] A defendant is prejudiced if an amendment would require that the defendant "reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court."[21] Likewise, amendments that fundamentally alter the nature of the case are considered prejudicial.[22]

Defendant does not argue that amendment would require re-opening discovery or revisiting a dispositive motion that has been decided. Rather, Defendant argues that it has re-filed its Rule 12 motion, which is fully briefed, and presumably it would be prejudiced by having to re-file

---

[20] *See Smith*, 393 F.3d at 594-96 (affirming denial of leave to amend based on undue delay and prejudice where amendment would add a new claim in the middle of trial after discovery had closed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (citation omitted) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend where the plaintiff filed the motion "on the eve of the discovery deadline"); *see also Ruby Slipper Cafe, LLC v. Belou*, No. 18-01548, 2018 WL 11179117, at *2 (E.D. La. July 3, 2018) (looking to whether the filing is within the court-imposed deadlines or would require the re-opening of discovery to assess undue delay and prejudice).

[21] *Smith*, 393 F.3d at 596 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)); *see also C3PO Int'l*, 663 F. App'x at 314 (denying leave to amend based on, among other things, prejudice because of pressing discovery and trial deadlines); *cf. Mayeaux*, 376 F.3d at 427 (distinguishing between amendments that propose alternative legal theories of recovery, which "generally should be permitted," and those that "fundamentally alter the nature of the case," which "may be denied if the circumstances warrant;" and finding no abuse of discretion in denial of amendment that would have unduly prejudiced the original and proposed new defendants by allowing plaintiffs to plead "a fundamentally different case with new causes of action and different parties" after the case had been pending for years and was nearing the close of extensive discovery).

[22] *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 & n.12 (5th Cir. 2012) (finding leave properly denied where proposed amendment was based on documents known to plaintiff for over a year and added new causes of action that would have "dramatically altered the subject matter of the suit at a late juncture . . . requir[ing] expansive [additional] discovery and litigation"); *Mayeaux,* 376 F.3d at 427-28 (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruct[ed] the case anew.").

another Rule 12 motion in response yet another amended complaint. Given that Rule 15(a)(2) expressly permits a plaintiff to amend within 21 days after the filing of a Rule 12 motion, the mere inconvenience of being required to file another motion to dismiss cannot be the type of "undue prejudice" necessary to foreclose amendment under Rule 15.

Regardless, undue prejudice is not established by being forced to incur additional costs for filing another motion to dismiss after having fully briefed the pending motion. Moreover, any additional costs are entirely speculative. If, as asserted herein, this Third Amended Complaint fails to fundamentally alter the factual basis for the claims or otherwise makes only insubstantial changes, Defendant may ask Judge St. John to address its motion to dismiss filed in response to the Second Amended Complaint in relation to this Third Amended Complaint.[23] As Judge Africk has explained:

> Once an amended pleading is interposed, the original pleading no longer performs any function in the case. . . . This effect of an amended pleading under Rule 15(a) becomes particularly important when the amendment purports to cure a defective earlier pleading. . . . [However,] defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance.[24]

Further, any prejudice from the costs of additional briefing may be mitigated with a supplemental motion addressing only the newly added information or portions of the Third Amended

---

[23] *See, e.g.*, *Berenson v. Adm'rs of Tulane Univ. Educ. Fund*, No. 17-329, 2017 WL 2955728, at *3 (E.D. La. July 11, 2017) (deciding motion to dismiss filed in response to earlier complaint in relation to later-filed amended complaint (citation omitted)).

[24] *Nguyen v. Hung Do*, No. 13-2537, 2013 WL 6665722, at *1-2 (E.D. La. Dec. 16, 2013) (quoting 6 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1476 (3d. ed. 2013); and citing *Ohio River Valley Env't. Coal., Inc. v. Timmermeyer*, 66 F. App'x 468, 472 n.4 (4th Cir. 2003); *Melson v. Vista World Inc. & Assocs.*, No. 12–135, 2012 WL 6002680, at *12 & nn. 3-4 (E.D. La. Nov. 30, 2012) (Milazzo, J.) (collecting cases); *In re Vioxx Prods. Liab. Litig.*, No. 08-1633, 2008 WL 4681368, at *10 n.11 (E.D. La. Oct. 21, 2008) (Fallon, J.) ("[T]he Court will not require the Defendant to file an additional motion simply as a matter of procedure.")), *aff'd sub nom. Thanh Van Nguyen v. Hung Do*, 579 F. App'x 284 (5th Cir. 2014).

Complaint.[25]  In any event, while unfortunate, these additional costs do not constitute the type of undue prejudice necessary to establish a substantial reason to deny amendment.[26]

### E.  Futility

Consideration of the futility factor requires the court to assess whether the amended complaint would survive a Rule 12(b)(6) motion (i.e., whether it states a plausible claim for relief).[27]  The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[28]  It is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[29]  If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[30]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief."[31]

---

[25] *See City of Baton Rouge/E. Baton Rouge Par. v. Bank of Am., N.A.*, No. 19-725, 2020 WL 13033205, at *2 (M.D. La. Apr. 20, 2020).

[26] *See Louisiana v. Bank of Am. Corp.*, No. 19-638, 2020 WL 3966875, at *3 (M.D. La. July 13, 2020) (rejecting argument that costs and expense of filing "yet another motion to dismiss" constituted undue prejudice); *Molina v. Caliber Home Loans, Inc.*, 2016 WL 3660621, at *5 (N.D. Tex. Mar. 15, 2016) ("As to being unduly prejudiced because of time and money already expended in filing two motions to dismiss, while the Court . . . supports litigation economy, it also recognizes that justice may require some repetition of effort and notes the probability that much of the work already done likely can be resubmitted with minimal additional expense and effort.").

[27] *Marucci Sports*, 751 F.3d at 378 (citing *Stripling,* 234 F.3d at 873).

[28] *Twombly*, 550 U.S. at 555.

[29] *Id.* at 557 (brackets in original) (citation omitted); *Iqbal,* 556 U.S. at 678 (citation omitted).

[30] *Iqbal,* 556 U.S. at 678 (citation omitted).

[31] *Id.,* 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal citation omitted); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[32]

Plaintiff's proposed Third Amended Complaint does not add any new causes of action or claims that are not already set forth in the Second Amended Complaint. In order to address the futility objection, this Court would have to address the very issues raised in the motion to dismiss now pending before Judge St. John. Yet this Court lacks authority to address substantive issues that have not been referred, and those issues are best addressed in the context of resolving the pending substantive motion to dismiss and/or any subsequently filed motions addressing substantive issues.[33] Indeed, courts often defer addressing the futility issue in relation to a Rule 15 motion to allow resolution of the issue in the context of a Rule 12 motion.[34]

Allowing amendment gives Plaintiff the opportunity to "plead her best case" before asking the Court to rule on the motion to dismiss.[35] This is "the preferred course" of action, even if doing so "renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering

---

[32] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citations omitted); *see also Twombly*, 550 U.S. at 555 (The "obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citations and internal quotation marks omitted)). When considering a Rule 12(b)(6) motion, the court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). Thus, it may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice. *See, e.g., Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (same).

[33] *See City of Baton Rouge*, 2020 WL 13033205, at *3.

[34] *See, e.g., Medarc, LLC v. Aetna Health Inc.*, No. 20-3646, 2022 WL 743520, at *2 (N.D. Tex. Mar. 11, 2022) (Ramirez, M.J.) (citing cases and the virtually "unvarying" practice of resolving futility in the context of Rule 12 rather than Rule 15).

[35] *See Landry v. Dep't of Child & Fam. Servs.*, No. 21-794, 2021 WL 2822344, at *2 (E.D. La. July 7, 2021) (Lemelle, J.) (citing *Phillips v. Whittington*, No. 17-01524, 2018 WL 11310301, at *1 (W.D. La. Feb. 13, 2018) ("[Granting leave to amend] will avoid the wasteful practice of waiting until after the court has gone to the trouble of ruling on motions to dismiss to ask to amend and cure shortcomings in a complaint.")).

10

moot the motion for leave" as it conserves both judicial and party resources to permit amendment and allow the ruling on the motion to dismiss to determine the facial validity of the claim.[36] Whether Plaintiff's claims will survive the Rule 12 motion is the issue currently pending before Judge St. John.  Therefore, it is not appropriate for this Court to address that pending matter in ruling on the proposed amended complaint which simply repeats the prior claims and merely adds certain additional facts to support same.

III.     **CONCLUSION**

This Court does not find amendment precluded by undue delay, bad faith, repeated failures to cure or undue prejudice.  With regard to the fifth factor (futility), the arguments raised are identical to those currently pending before Judge St. John.  The proposed new allegations do not in themselves render any claim futile, and this Court has no authority to address non-referred matters such as the bases for Defendant's pending motions to dismiss.  Prudence and conservation of resources of both the court and the parties dictate that the futility issue be resolved on the merits in context of the Rule 12 motion.

For the foregoing reasons, this Court does not have "substantial reason" to deny Plaintiff's proposed amendment.  Accordingly,

IT IS ORDERED that Plaintiff's Motion for Leave to File Third Amended Complaint is GRANTED.

New Orleans, Louisiana, this ____10th____ day of June, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[36] *See Louisiana*, 2020 WL 3966875, at *2 (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *see also Biwen Liang v. Home Reno Concepts LLC*, No. 17-3503, 2018 WL 1401801, at *3 (E.D.N.Y. Mar. 19, 2018) ("It is a far better conservation of judicial and party resources to permit the amendment . . . and let any order on a motion to dismiss determine the facial validity of the RICO claim.").